**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>KAI-UWE M. YOUNG,<br>    Debtor.<br><br>KAI-UWE M. YOUNG AND<br>ANNA DEFRANCO,<br>    Plaintiffs,<br><br>v.<br><br>ERIC D. HOUSER, A LAW<br>CORPORATION; ERIC D. HOUSER;<br>AND SYLVIA HOUSER, ET AL.,<br>    Defendants. | CASE NO.      21-50250<br><br>CHAPTER       7<br><br><br><br>ADV. PRO. NO.   21-5006<br><br><br><br><br>RE: ECF NO.     20 |

**MEMORANDUM OF DECISION AND ORDER**
**ABSTAINING FROM ADVERSARY PROCEEDING**

Julie A. Manning, United States Bankruptcy Judge

**I.     INTRODUCTION**

Kai-Uwe Young ("Mr. Young[1]") and Anna DeFranco ("Ms. DeFranco") (collectively the "Plaintiffs"), proceeding *pro se*, commenced this adversary proceeding by filing a five-count complaint (the "Complaint") on April 28, 2021. The Complaint names as defendants Eric D. Houser, A Law Corporation ("Houser Law"), Eric D. Houser ("Mr. Houser"), and Sylvia Houser ("Ms. Houser") (collectively the "Defendants"). The Complaint seeks declaratory relief under

---

[1] Mr. Young filed his bankruptcy case under Chapter 13 on April 12, 2021. On October 4, 2021, the case was converted, upon Mr. Young's request, to a case under Chapter 7. Mr. Young is represented by counsel in his bankruptcy case but is proceeding *pro se* in this adversary proceeding.

the Truth and Lending Act. In addition, Count I of the Complaint alleges statutory theft; Count II alleges slander of title; Count III alleges abuse of process; Count IV alleges vexatious litigation; and Count V alleges defamation. The relief sought in the Complaint includes, among other things, a declaration that State court foreclosure judgments[2] entered against each of the Plaintiffs be deemed null and void.

The Defendants filed a Motion to Dismiss on June 9, 2021, seeking to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion to Dismiss," ECF No. 9).[3] The Plaintiffs filed an objection to the Motion to Dismiss on June 29, 2021, ECF No. 10. On July 7, 2021, the Defendants filed a Reply in support of the Motion to Dismiss, ECF No. 14. The Court held a hearing on the Motion to Dismiss on July 13, 2021.

Thereafter, on July 15, 2021, the Defendants filed a Motion for Sanctions against the Plaintiffs pursuant to Federal Rule of Bankruptcy Procedure 9011 for filing a frivolous adversary proceeding (the "Motion for Sanctions," ECF No. 17). In the Motion for Sanctions (as well as in the Motion to Dismiss) the Defendants state that they have no relationship to the Plaintiffs except that Mr. Houser's law firm successfully represented its client in foreclosure actions brought against each Plaintiff in Connecticut Superior Court. The Defendants aver that since the foreclosure judgments entered against each of the Plaintiffs, the Plaintiffs have attempted to re-

---

[2] On October 6, 2021, the Court entered an Order Granting Relief from Automatic Stay under 11 U.S.C. § 362(d)(1) and (2) to Deutsche Bank National Trust Company with respect to real property owned by Mr. Young known as 81 Pine Hill Avenue, Stamford, Connecticut (the "Young Property"). *See* ECF No. 52 in Mr. Young's Chapter 7 Case. Attached to Deutsche Bank National Trust Company's Motion for Relief from Stay is the Judgment of Strict Foreclosure entered in the state court foreclosure action dated October 1, 2019. *See* ECF No. 44, Ex. E, in Mr. Young's Chapter 7 Case.

[3] The Motion to Dismiss also requests that the Court strike scandalous and defamatory language from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

litigate their disputes in other forums, including the Bankruptcy Court, which is an abuse of the bankruptcy process. The Plaintiffs filed an Amended Objection to the Motion for Sanctions on August 19, 2021, ECF No. 19.

From the review of the pleadings filed in this adversary proceeding, the Court determined that a substantial question existed as to whether this Court should hear and determine this adversary proceeding or whether it should abstain from doing so. Accordingly, on September 2, 2021, the Court issued an Order to Show Cause Why the Court Should Not Abstain from Adversary Proceeding (the "Order to Show Cause," ECF No. 20). The Order to Show Cause required the Plaintiffs to file a written response to the Order to Show Cause on or before October 8, 2021. On October 8, 2021, the Plaintiffs jointly filed a Plaintiffs' Showing of Cause Why this Court Should not Abstain from Adversary Proceeding (the "Response to the Order to Show Cause," ECF No 26).

In the Response to the Order to Show Cause, the Plaintiffs, among other things, (i) challenge the validity of the notes submitted into evidence in each of their State court foreclosure actions; (ii) challenge the standing of the plaintiffs in the State court foreclosure actions; (iii) allege that counsel for the Defendants in this adversary proceeding violated the automatic stay as to Ms. DeFranco[4]; (iv) challenge the Houser Law's representation of the proper plaintiff in the State court foreclosure actions; (v) challenge the validity of the State court foreclosure actions;

---

[4] Ms. DeFranco does not currently have a bankruptcy case pending in this Court. She filed a Chapter 13 case on October 25, 2016. On April 7, 2017, the Hon. James Tancredi dismissed Ms. DeFranco's case with prejudice and imposed a 180-day bar to any further filings. *See* ECF No. 67 in Case No. 16-21739. In the ruling dismissing Ms. DeFranco's case, Judge Tancredi found that Ms. DeFranco had "abused the purposes of the Bankruptcy Code" and had "filed and advanced her petition and Plan in bad faith." *Id.* Any allegation of violation of the automatic stay must have been brought in Ms. DeFranco's Chapter 13 case and is not properly before this Court in this Adversary Proceeding filed in connection with Mr. Young's bankruptcy case.

and (vi) seek to have this Court inspect alleged misconduct which occurred in the State court foreclosure actions.

After careful consideration of the record of this adversary proceeding, and in the interest of justice and comity with the State courts and with respect for State law, and for the reasons that follow, the Court permissively abstains from hearing the claims asserted in this adversary proceeding.

**II.    JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and the District Court's General Order of Reference dated September 21, 1984.

**III.    DISCUSSION**

Pursuant to 28 U.S.C. § 1334(c), "courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' 28 U.S.C. § 1334(c)(1)." *In re Cody, Inc.*, 281 B.R. 182, 190 (Bankr. S.D.N.Y 2002) *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). In considering whether permissive abstention is appropriate under Section 1334(c), courts consider one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy

> matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See In re Osuji*, 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017). When it is more appropriate to have a State court hear and decide a matter of state law, permissive abstention is warranted. *See In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991). Permissive abstention under Section 1334(c)(1) "is within the sound discretion of the bankruptcy court." *Osuji*, 564 B.R. at 187.

Permissive abstention is warranted in this adversary proceeding based upon the presence of the following factors discussed in *Osuji*: (i) the effect or lack thereof on the efficient administration of the estate; (ii) State law issues predominate over bankruptcy issues; (iii) the applicable State law is largely well-settled; (iv) there was, and currently is, a related non-bankruptcy State court proceeding pending; (v) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (vi) the degree of relatedness or remoteness to the main bankruptcy case; (vii) the substance rather than the form of an asserted "core" proceeding; (viii) no enforcement of a State court judgment by the bankruptcy court; and (ix) the likelihood that the commencement of the bankruptcy proceeding involves forum shopping. *See Osuji*, 564 B.R. at 187.

First, abstaining from hearing the claims asserted in this adversary proceeding would have little or no effect on the administration of a bankruptcy estate. Ms. DeFranco is not a debtor in this Court and does not have a bankruptcy case pending this time. Furthermore, Mr. Young's bankruptcy estate does not have any interest in the Young Property because there is a final Judgment of Strict Foreclosure regarding the Young Property. Next, State law issues completely dominant any possible bankruptcy issues in this adversary proceeding. The Complaint assert numerous causes of action under Connecticut law related to the State court

foreclosure actions. Because these claims were raised in and/or are directly at issue in the State court foreclosure actions, the State court is the more appropriate forum to adjudicate any issues relating to the notes and proper parties in the foreclosure actions.

In addition, the claims asserted in this adversary proceeding are based on the same facts and would require the same evidence and witnesses as in the State court foreclosure actions, which weighs in favor of permissive abstention. *E.g. In re AOG Entm't, Inc.*, No. 16-11090 (SMB), 2019 WL 1054921, at *10 (Bankr. S.D.N.Y. Mar. 5, 2019); *see also Wallace v. Guretzky*, No. CV-09-0071(SJF), 2009 WL 3171767, at *3 (E.D.N.Y. Sept. 29, 2009) (affirming a bankruptcy court's decision to permissively abstain from an adversary proceeding and observing that "judicial economy is better served by [abstention], since allowing parallel proceedings on issues which are admittedly 'nearly identical' to proceed would require two (2) separate trials with the same witnesses."). The Court will not interfere with the State court's ability to make a determination on the merits. Connecticut law is well settled on foreclosure issues, and where Connecticut law is not settled, the State courts are the proper forums to determine such issues. To the extent that the State court has determined that the Plaintiffs' claims are without merit, any further relief the Plaintiffs may seek should be pursued in their respective State court foreclosure cases.

Furthermore, the fact that there are other actions pending outside of this Court weighs in favor of permissive abstention. The jurisdictional basis, if any, other than 28 U.S.C. § 1334, does not dictate that the State court issues should be resolved by this Court. The claims that have been brought in this adversary proceeding all relate to the State court foreclosure actions, which present issues that are more appropriately decided by the State court. There also would be no enforcement of a State court judgment by the Bankruptcy Court because the State court enforces

its own judgments. The degree of remoteness of the claims in this adversary proceeding to any bankruptcy estate of either of the Plaintiffs is also a factor that weighs in favor of abstention, especially because Ms. DeFranco does not have a pending bankruptcy case at this time.

In sum, a review of the record of this adversary proceeding indicates that the Plaintiffs are essentially attempting to relitigate issues already presented or decided in their respective State court foreclosure actions, which is a proper basis for the Court to exercise its discretion to abstain. *Cf. In re Hanson*, 525 B.R. 791, 796 (Bankr. M.D. Fla. 2015) (permissively abstaining from hearing debtor's objection to claim when "the issues raised by the Debtor are essentially state law matters that can be resolved in a foreclosure action that was pending at the time that the bankruptcy case was filed."). The Plaintiffs cannot use this Court to prolong or avoid a final determination of these issues by the State court. In addition, the Plaintiffs cannot use this Court as a court of appeals. *See In re Burgos*, 294 B.R. 210, 212 (Bankr. D. Conn. 2003) (observing that the Bankruptcy Court "is not a court of appeals for state court proceedings") (citing *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2nd Cir. 2002)). Therefore, the factors discussed above weigh heavily in favor of permissive abstention, and the ninth, eleventh, and twelfth factors are not relevant here.

In the Response to the Order to Show Cause, the Plaintiffs do not raise any issues that have not already been raised before this Court, or any issues that have not been raised and decided in the State court foreclosure actions. Accordingly, the Response to the Order to Show Cause fails to show cause why this Court should not abstain from this adversary proceeding.

In sum, based on analysis of the twelve *Osuji* factors, and in the exercise of its discretion, the Court will abstain from hearing and deciding this adversary proceeding under 28 U.S.C. § 1334(c)(1).

## IV.     CONCLUSION

The Plaintiffs have failed to demonstrate cause to proceed with this adversary proceeding in this Court. The underlying issues are properly before the State court for adjudication. Accordingly, it is hereby

**ORDERED:** Pursuant to 28 U.S.C. §1334(c)(1), the Court abstains from hearing and determining the claims asserted in this adversary proceeding; and it is further

**ORDERED:** All pending motions, including the Motion to Dismiss, ECF No. 9 and the Motion for Sanctions, ECF No. 17, are hereby moot due to this Memorandum of Decision and Order Abstaining from Adversary Proceeding; and it is further

**ORDERED:** On or before 5:00 p.m. on October 26, 2021, the Clerk's Office shall serve this Order upon the Plaintiffs via U.S. Mail at the addresses listed on the Complaint; and it is further

**ORDERED:** The Clerk is directed to close the above-captioned adversary proceeding.


Dated at Bridgeport, Connecticut this 26th day of October, 2021.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut